## Richmond

COMMONWEALTH OF VIRGINIA v. OLIN CORPORATION.

June 14, 1971.

Record No. 7497.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Lee F. Davis, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for plaintiff in error.*

*G. R. C. Stuart; James P. Jones (Penn, Stuart & Eskridge, on brief), for defendant in error.*

GORDON, J., delivered the opinion of the court.

Olin Corporation is a Virginia corporation having income that is taxable both within and without this State. The Virginia income tax law permits such a corporation to apportion its income according to a formula that takes into account the percentages of total property, payroll and sales within this State. Code § 58-131.2.

In its State income tax returns for 1963 and 1964, Olin computed its net taxable income as follows: Olin (1) subtracted from gross income all deductions except accelerated amortization of a water pollution control facility in this State, (2) multiplied the difference by the applicable apportionment factor,[1] and (3) then deducted accelerated amortization of the water pollution control facility.

Contending that the accelerated amortization should have been deducted from gross income, and not from net income after application of the apportionment factor, the Department of Taxation assessed Olin with additional income taxes for 1963 and 1964. Olin brought this proceeding for correction of the alleged erroneous assessments. The trial court held for Olin, and the Commonwealth appeals.

Code § 58-79, which is part of chapter 4 of title 58, defines net income as "the gross income of a taxpayer less the deductions allowed by this chapter". Code § 58-81, also part of chapter 4, provides for the usual deductions, including a deduction for depreciation. Code § 58-81.1, also part of chapter 4, permits a deduction for accelerated amortization of pollution control facilities in lieu of the allowance for depreciation authorized by Code § 58-81. So under the plain language of the statute, accelerated amortization of pollution control facilities, like other deductions, should be subtracted from gross income to determine net income. And Code § 58-131.1 requires multistate taxpayers like Olin to apportion their *net income* to determine taxable income in Virginia.

In its written opinion, the trial court gave only one reason for its conclusion that accelerated amortization under Code § 58-81.1 is properly deductible from apportioned net income. The court reasoned that its conclusion was necessary "to give the meaning and intent of Section 58-81.1", that "to hold otherwise would defeat the purposes of the statute designed to control pollution of streams of Virginia".

Counsel for Olin argues that rejection of the trial court's conclusion would defeat the purpose of the General Assembly in enacting Code § 58-81.1. According to Olin's brief, "multistate taxpayers are the ones most likely to be operating the large industrial plants which are potential polluters. If such taxpayers cannot get the full benefit intended by the General Assembly for pollution control facilities built

---

[1] Olin's apportionment factors for 1963 and 1964 were 2.555930% and 2.466224%. In its return, Olin allocated net rents and royalties from property located in Virginia, capital gains and losses from the disposition of property located in Virginia, and interest and dividends as required by Code §§ 58-131.4, -131.5, -131.6, and -131.7.

in Virginia, for Virginia's benefit, then the statute [§ 58-81.1] is a dead letter." [2]

But the Virginia income tax law, as written, requires that all taxpayers deduct accelerated amortization from gross income to determine net income and that multistate taxpayers apportion their net income to determine taxable income. Nothing in the law indicates that the General Assembly intended otherwise.[3] Since we cannot rewrite the law, *see Owens v. Comonwealth*, 211 Va. 633, 638, 179 S.E.2d 477, 481 (1971), we must sustain the additional assessments made by the Department of Taxation.

■ Nevertheless, counsel for Olin contends that Virginia cannot constitutionally permit Olin to deduct only a fraction of its accelerated amortization, while permitting a corporation having income that is taxable only within this State to deduct all of its accelerated amortization. Olin argues that this would discriminate against Olin in violation of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States.

Olin ignores, however, the fact that its Virginia facilities are an integral part of a corporate enterprise that produces income both within and without Virginia. This State taxes only a portion of Olin's net income, and it can reasonably require Olin to apportion deductions such as its deduction for accelerated amortization. "Such deductions are required to be apportioned because they are a charge against the entire income and not merely that portion assignable to this State." *Duluth-Superior Dredging Co. v Commissioner of Taxa-*

---

[2] Olin's brief also states: "Over the entire sixty-month amortization period provided by § 58-81.1, the amount of the deduction from [Olin's] Virginia income (assuming that the apportionment figure for the remaining years would not vary materially from 1963) would be reduced by the Department's interpretation from $848,775 (the cost of the facility) to $21,694 ($848,775 ÷ .0255930 [*sic*]) and the total reduction in Olin's Virginia taxes over the entire sixty months would be $1,085 instead of $42,439."

[3] In a case discovered during the course of our research, the court reasoned that property taxes should be deductible from apportioned net income, rather than gross income, to carry out the intent of the legislature. *Magnolia Pipe Line Co. v. Oklahoma Tax Comm'n*, 196 Okla. 633, 167 P.2d 884 (1946). We can find no like intent from the 1954 Virginia Act adding Code § 58-81.1 to provide for accelerated amortization of water pollution control facilities. Va. Acts of Assembly 1954, ch. 516. And in 1968, the General Assembly made clear its intent that accelerated amortization be deducted from gross income. In that year, the General Assembly amended Code § 58-81.1 by adding the following provision: "Nothing in this section, as amended, shall be construed as in any way affecting §§ 58-131.1 through 58-131.18, relating to the allocation and apportionment of income in the case of corporations engaged in multistate operations." Va. Acts of Assembly 1968, ch. 308.

*tion,* 217 Minn. 346, 350, 14 N.W.2d 439, 442 (1944); *see In Re Morton Salt Co.,* 150 Kan. 650, 95 P.2d 335 (1939); *Colonial Life & Accident Ins. Co.* v. *South Carolina Tax Comm'n,* 248 S.C. 334, 149 S.E.2d 777 (1966).

Since there is a reasonable basis for treating Olin differently from a taxpayer whose entire income is taxable in Virginia, Olin has not been denied equal protection. *See City of Richmond* v. *Fary,* 210 Va. 338, 343-44, 171 S.E.2d 257, 261 (1969).

We reverse the order appealed from and enter judgment for the Commonwealth.

*Reversed and final judgment.*